CHEHARDY, Chief Judge.
Dr. Daniel M. Adams III, formerly a member of a partnership of physicians known as Ochsner Clinic, filed this suit to recover contributions made by the partnership on his behalf to the Clinic’s retirement plan. The defendants are the partnership, the trust fund to which the contributions *1194 were made (Ochsner Clinic Retirement Trust) and the trustee (Morgan Guaranty-Trust Company of New York). From judgment in Dr. Adams’ favor the defendants appeal.
At issue is a conflict between the provisions of the partnership agreement and the provisions of the retirement plan. Dr. Adams contends all monies paid by the partnership into the trust were distributions to him as a partner that vested in him immediately upon their payment and therefore the defendants owe him return of those funds. The defendants contend that under the retirement plan Dr. Adams had no vested interest in the contributions because he left the Clinic prior to completing ten years’ service.
Dr. Adams was hired by the Clinic in 1969 and was made a partner in 1973. He resigned of his own accord in 1978 to accept a position in another state. At the time he left, contributions totaling $31,921 had been made on his behalf by the partnership to the retirement trust under the Ochsner Clinic Retirement Plan.
When Dr. Adams became a partner in 1973, the partnership agreement provided that all contributions to the retirement plan made by the Clinic on behalf of the partners “shall be and remain” the property of the respective partners. Prior to 1975, these contributions were treated as income to the individual partners by the Internal Revenue Service for federal tax purposes.
In 1975, the partnership amended the retirement plan to conform with the requirements of the federal Employees Retirement Income Security Act of 1974 (ERISA) — also known as the 1974 Pension Reform Act — 29 U.S.C., Sec. 1001 et seq. Pension plans that comply with that law offer their participants the benefits of tax deferral on pension contributions made by employers.
As amended, the Ochsner retirement plan contains a ten-year vesting provision, under which participants who terminate their employment before completing ten years’ service forfeit any contributions made on their behalf by the Clinic. The plan, as mandated by the 1974 Pension Reform Act, also requires that all contributions are paid into the trust fund and thereupon become the property of the trustee, so they may be neither returned to the employer nor paid to the employee except in compliance with the retirement plan.
In its reasons for judgment, the district court concluded that under the partnership agreement the contributions became the property of the partner when made. The court found that the partnership articles took precedence and prevailed over any conflicting provisions of the retirement plan:
“The pension contributions as well as other fringe benefits are clearly compensation to the partner, a view buttressed by the accounting procedures adopted and the tax provisions implemented.
“Any forfeiture of these benefits would be unconscionable and a deprivation of vested rights without recourse.”
The defendants assert this ruling has the practical effect of declaring the ten-year vesting requirement illegal although the validity of such a requirement has been upheld by the U.S. Supreme Court. See, e.g., Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).
We find, however, that the viability of the ten-year vesting provision is not at issue. Under the circumstances applicable here the plaintiff may not recover any funds from the trust or the trustee because such a recovery is expressly forbidden by the provisions of the retirement plan and the trust. The trial court was clearly wrong in awarding judgment against the trust and the trustee.
That does not mean he cannot recover against the partnership. The only question is the effect of the partnership agreement and the liability of the partnership to plaintiff thereunder.
Ed Saux, former administrator of the Clinic, testified a special partnership meeting was held on December 19, 1974 to revise the pension plan to incorporate the *1195 changes required by the 1974 Pension Reform Act. At that meeting the partners agreed by unanimous voice vote to adopt a ten-year vesting provision, one of three vesting schedules offered by the new law.
Section 6 of the partnership agreement states:
“6. Distributions
“Each partner shall have:
a. A fixed distribution * * *.
b. A contribution to the Ochsner Clinic Pension Plan.
c. An income tax allowance * * *.
“The payments mentioned above in sub-sections a, b and c shall be, and remain, the property of the respective partners, regardless of the interest which the partner may have in the ultimate net income, losses, and/or assets of the partnership, and the aggregate amounts so paid (as well as other payments made for services rendered * * *) shall be deducted, along with other authorized deductions, from gross revenue before a distribution of net income (or an allocation of a net loss) is made at the end of any fiscal year.”
Defendants contend the voice vote of the partners (adopting the ten-year vesting amendment to the retirement plan) also had the effect of amending this section of the partnership agreement.
Plaintiff, on the other hand, contends the pension contribution provided under the partnership agreement was intended as compensation, particularly considering that such contributions were shown on distribution statements to Dr. Adams from the Clinic as a component part of the compensation he received from the partnership throughout the year. He was required to declare the contribution as income and to report also his proportionate share of the applicable deduction.
Further, Dr. Adams contends the adoption of the ten-year vesting provision could not have the effect of amending the partnership agreement because the partners did not declare an express intention to amend the agreement. He admits that a contract (such as the partnership agreement) which need not be in writing may be amended by oral agreement, but asserts that such an amendment must be the intention of the parties.
A forfeiture of any unvested contributions by a partner results in a reduction of the payments the Clinic must make to the trust in the following year. Since contributions to the plan are considered an expense in the determination of partnership profits, Dr. Adams argues such a forfeiture has the direct effect of increasing partnership profits available for distribution to the partners in an amount equal to the forfeiture. Thus, each of the partners receives a proportionate share of Dr. Adams’ property, in direct contravention of the partnership agreement's provision that contributions to the pension plan would be and remain the property of the respective partners.
Dr. Adams testified that he attended the pension revision meeting and that he voted in favor of the ten-year vesting provision. He stated the changes were discussed at the meeting but did not recall the specifics.
The minutes of the meeting state, “Vesting was discussed at length from the floor with a number of questions. * * * Under the revised plan as it is proposed, there would be no further vesting of future contributions for any participant (partner or otherwise) who has less than 10 years of service at date of termination.”
We conclude the district court erred as a matter of law in ruling that the partnership agreement was never amended. Regardless whether it was specifically stated that the change in the vesting provision would amend the partnership agreement, the partners attending the meeting were or should have been aware their decision would affect a specific aspect of what had formerly been part of their distribution from the partnership.
Accordingly, we find that the action of the partners in incorporating the ten-year vesting provision into the retirement plan served as an oral amendment to the *1196 partnership agreement. Plaintiff, who not only attended the meeting but also voted in favor of the ten-year vesting provision with its concomitant benefits and disadvantages, cannot complain now because his own action contributed to the change in the partnership agreement. See Byrd v. Babin, 196 La. 902, 200 So. 294 (1941).
For the foregoing reasons, the judgment of the district court is reversed. Judgment is hereby rendered in favor of defendants, Ochsner Clinic, the Ochsner Clinic Retirement Trust and Morgan Guaranty Trust Company of New York, and against plaintiff, Daniel M. Adams III, dismissing plaintiffs demand. Costs are assessed equally against the parties.
REVERSED AND RENDERED.